## GRAND RIVERS FERRY CO., Inc. et al. v. MIMMS.

Court of Appeals of Kentucky.
Oct. 19, 1951.

Albert Karnes, Paducah, J. R. Wells, Roderick Keeney, Smithland, for appellants.

Gordon Lisanby, Alvin Lisanby, Princeton, for appellee.

LATIMER, Justice.

John Z. Mimms, alleging willful and gross negligence on part of defendants, sought to recover damages for destruction of his automobile and punitive damages in the sum of $1000.

He, his wife and neighbor, George Mosley and family, were proceeding from Earlington to the Kentucky Lake for a fishing trip, traveling in an automobile which he had purchased the previous day. In making this trip they crossed the Cumberland River by means of appellants' ferry which was being operated by appellant, Harry Allen. They crossed the river sometime between the hours of 1:00 and 2:00 a. m. After leaving the ferry and while proceeding up the incline they were faced with an oncoming automobile with bright lights. Mimms applied his brakes. In so doing he killed his engine. His car then backed down the incline, struck the corner of the ferryboat and turned over on its left side. It appears that the rear bumper of the car hung either on the landing apron or on a cable alongside the ferryboat, which prevented the car, with occupants, from plunging into the river.

There appears to be some conflict in the evidence as to how much of the front part of the car was submerged in the water. It was necessary either to stop the ferry or in some manner dislodge the car. Harry Allen, operator of the ferry, was insistent that Mimms proceed immediately to release the car so that the ferry could be operated as there were cars on either side of the river waiting to be ferried.

After a lapse of some little time appellant Allen undertook to tie the car with a rope

and dislodge it. Mimms entreated him not to do this as it was obvious the car would slide on down into the river. Anyway the car was released. It slid into the river and was completely submerged.

Mimms insists that this action was willful and malicious; that it resulted in a complete loss of the car; and that in addition to compensatory damages he should have punitive damages.

The car was later hoisted by the ferry company and placed in a garage. Appellee went to claim his car but was informed that it was worthless. It was afterwards sold for storage charges.

The jury found $300 property damages and $400 punitive damages against the ferry company and Harry Allen. They appeal, urging seven grounds for reversal. We will consider them under two general propositions.

Appellants complain that the instruction as to the measure of damages was erroneous in that there was failure to consider the value while in its position immediately before the acts complained of by appellee. It is insisted that there is no evidence to show the value of the car as it hung on the ferry and that the court should have instructed, as per their offered instruction, that the measure of damages was the difference in value of plaintiff's automobile after it had backed down the incline of the highway, struck the corner of the ferry-boat barge, turned over on its side with its front end partially submerged and the value after being dislodged and allowed to sink in the river or, as stated by appellants, the measure of damage is the additional damage to the car after being dislodged from the barge.

True, there is no proof of the value of the car at the time it was so lodged. Nor is there proof by either side that the car was damaged to any extent at that particular time.

Plaintiff testified he paid $400 for this automobile on the previous day and that $400 was its fair and reasonable value and that it was valueless after it went into the river. Other evidence as to the difference in value before and after the car went into the river varied from $250 to $400 before and practically valueless afterwards.

The court, in instructing the jury, gave the measure of damages in these words: " * * * and the measure of damage is the difference in the reasonable market value of the automobile just before it went into the river and its reasonable market value immediately thereafter, not to exceed however the sum of $400, the amount claimed in the petition."

It will be noted that the act complained of by the plaintiff was the wanton, willful and grossly negligent dislodging the car from the boat. Obviously, the court had in mind just that, as that was the time just before the car went into the river.

Appellants complain about refusal to give the instruction offered. It appears to us that the instruction as given, while it could have been more specific, was not so dissimilar to the instruction offered as to justify a reversal.

We next concern ourselves with the matter of punitive damage. Under this evidence it cannot be said that appellants were in any way responsible for the backing of the car onto the ferry or in any way responsible for the car being in the position it was before being dislodged from the ferry. Obviously, it was appellee's duty, at least to take some steps, to salvage and preserve his own property after the accident. The ferry was being operated for the benefit of the public. This public service was stopped through no fault of appellants. It could hardly be expected that no steps should be taken to liberate the ferry in order to continue this public service. Under such circumstances, effort to dislodge the car does not appear to us to be calculated to make the act one of wantonness and maliciousness. Therefore, plaintiff was not entitled to instruction on punitive damages. Whether or not proper care was exercised in the dislodgment was a jury question properly cared for in the consideration of compensatory damages.

The court instructed the jury to separate and to state in the verdict the amounts given as compensatory and punitive damages. We have held that when so separated

this Court may deny the punitive and allow the compensatory damages to stand. See Jefferson Dry Goods Co. v. Stoess, 304 Ky. 73, 199 S.W.2d 994 and cases cited therein. We conclude this should be done here.

The judgment is reversed as to punitive damages and affirmed as to compensatory. The cause is remanded with instructions to enter judgment accordingly.